## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JEREMY DeFOUR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00295 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOHN DOE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Jeremy DeFour, Pro Se Plaintiff.*

The plaintiff, Jeremy DeFour, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  DeFour alleged that on July 19, 2021, he settled four civil rights actions against Virginia prison officials and thereafter the defendant prison officials in this case harassed or mistreated him in several separate incidents over the next nine months.  As part of that settlement, officials transferred DeFour to a prison that did not routinely use dogs for security purposes.

DeFour filed the case in June 2022, along with a motion seeking interlocutory injunctive relief.  Among other claims, DeFour complains that on August 14, 2021, officers used a dog to search his cell, it defecated on DeFour's property, and its handler cleaned up the mess.  After a separate incident in April 2022, DeFour was placed in segregated confinement while officers investigated an incident where

another inmate attacked DeFour.  DeFour's motion seeking interlocutory relief, filed after seven days in segregation, argues that the court should require prison officials to remove him from such confinement because, by his own estimation, his mental state is "fragile," he has some physical injuries from the inmate attack, and in segregation, he does not have the benefits of air conditioning or an electric fan in his cell.  He also asserts that an inmate should only be assigned to segregated housing if that inmate poses a threat to others, while he (DeFour) was the victim of another inmate's attack.   This motion, which the court has docketed as a Motion for Preliminary Injunction, must be denied.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*

DeFour has not stated facts showing that interlocutory injunctive relief is warranted in this case.  DeFour's submissions do not indicate that he is currently confined under circumstances where he is at any risk of suffering irreparable harm from the actions of any defendant, from any other inmate, or from the living conditions.  While he wishes for air conditioning, he does not allege any lack of access to medical or mental health treatment.  His own belief that he poses no threat

to others does not demonstrate that his temporary assignment to a segregation unit during an incident investigation places him at any substantial risk of suffering serious harm from conditions there.  Thus, I conclude that DeFour has not stated facts meeting the required factors under *Winter* so as to warrant the extraordinary form of relief he seeks.

For the stated reasons, it is **ORDERED** that the motion seeking interlocutory injunctive relief, ECF No. 3, is DENIED.

ENTER:   July 6, 2022

/s/  JAMES P. JONES
Senior United States District Judge