IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DEFOUR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | Case No. 7:22cv00295 |
| **JOHN DOE K-9 OFFICER,** *et al.*, ) | |
| Defendants. ) | By:  Pamela Meade Sargent |
| ) | United States Magistrate Judge |
| ) | |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the pro se prisoner plaintiff has attempted to join together in one case unrelated legal claims, concerning separate and unrelated events and defendants.  This practice is inconsistent with the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 18, 20, and the filing fee requirements of the Prison Litigation Reform Act ("PLRA").  For the reasons herein explained, the court will sever the Amended Complaint (Docket Item No. 5) into five separate civil actions, have them docketed as such, and require the plaintiff, if he intends to pursue one or more of the four new civil actions, to consent to paying the filing fee through installment payments from his inmate trust account, as he has done in the present case.

I.

The plaintiff, Jeremy DeFour, has been an inmate in the custody of the Virginia Department of Corrections, ("VDOC"), for some years.  The Complaint and federal court records indicate that on July 19, 2021, DeFour reached a Settlement Agreement with counsel for defendants in four § 1983 lawsuits, alleging excessive force through use of a patrol dog, among other things.  Cases included in the Settlement Agreement the parties reached were:  *DeFour v. Officer Jones*, No.

1:19cv01355 and *DeFour v. Northam*, No. 1:21cv00274, filed in the United States District Court for the Eastern District of Virginia, and *DeFour v. Shelton*, No. 7:20cv00032, and *DeFour v. Engelke*, No. 7:21cv00206, filed in this court. DeFour asserts that officers throughout the VDOC knew of this lawsuit and, as a result, nicknamed DeFour "Dog Man," "Jailhouse Lawyer," "Paper Puller," and others. (Am. Compl. 6, Docket Item No. 5).

In June 2022, DeFour filed the instant § 1983 action, claiming that officers at Buckingham Correctional Center, ("Buckingham"), have retaliated against him for his past lawsuits in various, unrelated incidents. Days later, he filed an Amended Complaint which the court considers the operative pleading in this case. The defendants named in the Amended Complaint are: K9 Officer John Doe, Ombudsman Meinhard, Warden Woodson, Lieutenant, ("Lt"), Brown, "Intel" Officer Johnson, "Intel" Officer Rossin, Unit Manager Epps, Lt. Webber, Operations Manager Bryant, Property Officer Bates, and JPay, Inc. *Id.* 2-3. Different groups of defendants are named to each of the separate claims in this lawsuit. DeFour alleges vaguely that the defendants participated in a "campaign of harassment" against him for the prior lawsuits by violating other constitutional rights in the separate, alleged incidents over several subsequent months in 2021 and 2022. (*Id.* at 11). As relief, DeFour seeks injunctive and declaratory relief and compensatory damages.

Liberally construed, DeFour's Amended Complaint asserts the following, § 1983 claims or claim groups:

> 1. On August 14, 2021, defendants K9 Officer John Doe, Intel Officers Johnson and Rossin conducted a drug search in DeFour's housing area; Doe allowed his K9 to defecate in DeFour's cell on his mattress and other items; Doe removed DeFour's mattress and cleaned up other areas with disinfectant; Webber provided DeFour access to a replacement mattress, but asserts that

2

these defendants' actions and the actions of defendants Webber, Epps, Bryant, Rossin, Brown, Johnson, Meinhard, and Woodson in response to his complaints about the incident constituted retaliation for his recently settled prior lawsuits; DeFour was also dissatisfied with VDOC investigations of these events;

 2.  In October 2021, while DeFour was in the law library "typing a legal document from the clerk of the Virginia State Corporation Court," (*id.* at 8), Meinhard told him he could not do so; when DeFour asked for a supervisor, Meinhard directed him to leave the library and later wrote a disciplinary charge against him; Webber authorized the disciplinary charge; based on an officer's testimony that DeFour was using the law library properly, the Adjudgment Committee dismissed the disciplinary charge; DeFour alleges that Meinhard wrote the charge and blocked him from using the grievance procedures because of the prior lawsuits DeFour had settled;

 3.  In August 2021, "DeFour received a Religious Head Garb Order for a Rastafari Head Garb but instead he was given a Muslim Head Garb (Kufi) by defendant Bates," (*id.* at 10); when DeFour complained to defendant Bryant, she told him "to take it or get nothing" (*id.*); defendant Meinhard allegedly blocked DeFour's later grievances on the matter; DeFour believes these actions by defendants were retaliation for his past lawsuits;

 4.  Beginning around August 2021 or earlier, DeFour tried to order a new tablet from defendant JPay, Inc., so that he could use content he had purchased from the company;[1] he got no response from JPay, Inc; DeFour's

---

[1] DeFour asserts that JPay, "acting as an agent of VDOC . . . as the only authorized means of money transfer, email, music, and gaming in Virginia violated [his] Due Process Rights" by "withhold[ing] the use of his 'purchased content' for almost a year with no response or resolve." (Am. Compl. 17, Docket Item No. 5).

complaints to defendants Bryant and Woodson about JPay's lack of response also failed to result in relief; on March 18, 2022, JPay "attempted to resolve the issue by providing every inmate on [Buckingham] a 'Loaner JP6 Tablet,'" (*id.* at 11); although "similarly situated" inmates received their loaner tablets, *id.,* DeFour did not receive a loaner tablet that day, a fact that he characterizes as part of an "ongoing Campaign of Harassment," (*id.*)*,* by defendants Bryant, Brown, Rossin, and Bates (who passed out the loaner tablets); and after DeFour complained about not receiving a tablet, defendant Webber allegedly got another officer to file a disciplinary charge against DeFour for threatening her out of anger about his missing tablet; investigators determined there was no threat and dismissed the charge;

     5. In April 2022, defendant Webber allegedly told DeFour she would "get him removed from his SAM Pod Housing and put him in segregation," (*id.* at 12); in May 2022, after DeFour complained to a supervisor that Bates had not followed outgoing mail policy, defendants Bates and Webber allegedly "fabricated" a charge against DeFour for threatening Bates with aggravated assault, (*id.* at 12); another officer testified that Bates never mentioned any threat; on May 31, 2022, an "irate" inmate who works for defendant Webber came to DeFour's housing unit, claiming that his supervisor (based on a supposed report from DeFour) had accused the inmate of switching a broken fan from one pod with a working fan from another pod, (*id.* at 13); DeFour and a "pod mentor" calmed the inmate down and he left, (*id.*)*,* but later, that inmate ambushed and attacked the mentor and DeFour, and DeFour's injuries required emergency room care; back at BKCC, the mentor and DeFour were placed in segregation, pending an investigation; DeFour complains that the segregation unit is hot and dirty; and he blames

defendants Webber, Woodson, Rossin, Brown, and Johnson for detaining him under there under such conditions (*see id.* at 17).

## II.

The present Amended Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added). FED. R. CIV. P. 18. On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants. *See* FED. R. CIV. P. 20. Thus, if the claims arise out of different transactions and do not each involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow DeFour to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court

review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing costs if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow an inmate plaintiff to essentially package two or more lawsuits into one case would undercut the PLRA's three-strikes provision and its filing fee requirement.[2]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may . . . sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

---

[2] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

As stated, DeFour's Amended Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims and multiple defendants. It is, in fact, five separate lawsuits bundled into one omnibus pleading.[3] Accordingly, the court will sever DeFour's Amended Complaint into five separate lawsuits, one for each of the claims or groups of claims as designated herein. Claim group 1, concerning the actions of the K9 officer and the aftermath of that incident in August 2021, will remain in this case against the defendants therein named. But the Amended Complaint will be docketed again in four new and separate civil actions in which one of the four remaining claim groups will be considered. The court will provide DeFour with the new case numbers, once they have been assigned.

This Opinion and Order does not address the possible merit of any of DeFour's claims that he has pled in the Amended Complaint, and it does not deprive him of his right to litigate any of those claims. He simply may not litigate all of his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If DeFour chooses to proceed with the severed claims in one or more of the new, separate lawsuits, he will be required to consent to payment of a filing fee in each such lawsuit, as he has done in this case. If he does not wish to proceed with all of the lawsuits, he may decline to consent to pay the filing fee for any one or more of the new lawsuits and continue only with the lawsuits that he intends to pay for and pursue. Or DeFour may file a motion to voluntarily dismiss without prejudice this case, or any one or more of the severed cases, before the court orders collection of the filing fees to begin.

---

[3] The fact that the court has referred to Defour's groups of allegations as "claims" or claim groups should *not* be taken as a court finding that he has alleged facts stating any meritorious claim for relief under the Constitution and 42 U.S.C. § 1983.

7

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1. DeFour's Claims or Claim Groups 1 through 5, as designated in this Opinion, are hereby **SEVERED** into five separate civil actions for all future proceedings;

2. This case, No. 7:22cv00294, shall now contain only Claim Group 1, concerning the incident involving the use of the K9 to search DeFour's cell on August 14, 2021, and the subsequent events in August 2021 directly related to that incident, allegedly involving the following defendants: K9 Officer John Doe, Webber, Epps, Bryant, Rossin, Brown, Johnson, Meinhard, and Woodson;[4]

3. The Clerk is **DIRECTED** to docket in four new and separate civil actions a copy of the Amended Complaint from this case (Docket Item No. 5), a copy of this Opinion and Order (as an attachment to the pleading), the Motion for Leave to Proceed *in forma pauperis*, the Prisoner Trust Account Report, and the Statement of Assets (Docket Item Nos. 2 and 6); and each of these new cases **SHALL** include only one of the four remaining claim groups, against the defendants listed in the description of that claim group herein;

4. In the initial docket entry for each of the new cases, the Clerk **SHALL** include, in bold type, the claim group that will be considered in that case, and **SHALL** send DeFour a copy of each of these new docket

---

[4] After setting up DeFour's other claim groups as separate civil actions, the Clerk shall terminate as parties to Case No. 7:22cv00295 all defendants who are not named in Claim Group 1.

       sheets to give him clear notice of the new case numbers and the content of each new case;

5. In each new civil action, the court will **ISSUE** an order requiring DeFour to execute and return a Consent to Fee form agreeing to pay the $350.00 filing fee for that new civil action through installments from his inmate trust account if he intends to pursue the claim(s) contained in that case; and

6. If DeFour does *not* intend to pursue the current civil action, which now includes only Claim Group 1, he **MAY SUBMIT** within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of the case, No. 7:22cv00295, without prejudice. If he does not withdraw this action within the allotted time, the court will direct the Clerk to order collection of the $350 filing fee for this case.

The Clerk will mail DeFour a copy of this Opinion and Order.

**ENTERED:**   July 6, 2022.

                                         /s/ *Pamela Meade Sargent*
                                         UNITED STATES MAGISTRATE JUDGE